UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MOHAMUD ABDI YUSUF**          **CASE NO.  6:21-CV-02210 SEC P**

**VERSUS**          **JUDGE ROBERT R. SUMMERHAYS**

**MERRIK B. GARLAND, ET AL**          **MAGISTRATE JUDGE WHITEHURST**

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (rec. doc. 1) filed by *pro se* petitioner Mohamud Abdi Yusuf.  Yusuf included a request that he not be transferred out of the jurisdiction of the ICE New Orleans Director during the pendency of this proceeding, which the Court construes as a Motion for Temporary Restraining Order ("TRO").

    **I.**     **Temporary Restraining Order**

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65

Yusuf does not allege that any immediate or irreparable injury, loss, or damage would occur without the TRO.

Yusuf's physical presence in this district is not required for the adjudication of his Petition. His transfer out this district would not destroy the Court's jurisdiction over his habeas claim. Jurisdiction attaches upon filing a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979).

Additionally, § 2241 petitions regarding *Zadvydas* claims and the legality of detention pending removal are regularly adjudicated on the briefs without the need for in-person hearings, and because Yusuf is proceeding *pro se,* there is no issue regarding his ability to meet with counsel.

Moreover, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). There is no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Because

Yusuf does not allege that he faces any immediate and irreparable injury, loss or damage, and because he provides no legal justification to enjoin ICE from moving him out of this district, Petitioner's Motion for TRO to prohibit his transfer out of the jurisdiction of the ICE New Orleans Director is denied.

It should be noted that in a separate order, service of process on the defendants has been ordered. Thus, plaintiff's claims will ultimately be addressed on the merits.

## II. Conclusion

Accordingly,

**IT IS ORDERED** that Yusuf's Motion for Temporary Restraining Order be **DENIED**.

THUS DONE in Chambers on this 5th day of October, 2021.

*[signature]*

**Carol B. Whitehurst**
**United States Magistrate Judge**